1

2                                                                **E-Filed 9/29/05**

3

4

5

6

7                              NOT FOR CITATION

8              **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                          **SAN JOSE DIVISION**

11

12   RAMON GAMA PUGA,                        | Case Number C-05-3607 JF

13                      Petitioner,          | ORDER DISMISSING PETITION FOR
                                             | WRIT OF HABEAS CORPUS FOR
14              v.                           | LACK OF SUBJECT MATTER
                                             | JURISDICTION AND DENYING
15   MICHAEL CHERTOFF, Secretary, Department of | MOTION FOR STAY OF REMOVAL
     Homeland Security, et al.,
16
                     Respondents.
17                                           | [Doc. Nos. 1, 2]

18

19        On September 7, 2005, Petitioner Ramon Gama Puga ("Puga"), a native and citizen of

20   Mexico, filed a petition for writ of habeas corpus and an emergency motion to stay removal from

21   the United States.  Puga was scheduled to be removed at 7:00 p.m. on the evening of September

22   7, 2005.  At the Court's request, Respondents agreed to a voluntary stay of Puga's removal until

23   September 30, 2005.  Respondents filed an opposition to Puga's motion for stay on September

24   20, 2005.  Puga filed a reply on September 27, 2005.

25        Puga alleges that he received ineffective assistance of counsel in his asylum and removal

26   proceedings.  According to Puga, counsel filed a "bare bones" asylum application on Puga's

27   behalf for the purpose of triggering removal proceedings.  Counsel's plan apparently was to then

28   attempt to establish Puga's eligibility for cancellation of removal under 8 U.S.C. § 1229(b).  This

1   plan was unsuccessful; Puga was denied relief under § 1229(b) and now is subject to a final order

2   of removal.  Puga seeks habeas review of his claim of ineffective assistance of counsel and a stay

3   of removal pending disposition of his habeas petition.

4        The Court concludes that it lacks subject matter jurisdiction over Puga's claims in light of

5   the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005), which strips district courts

6   of jurisdiction to review removal orders and provides that any challenge to an order of removal

7   must be brought by means of a petition for review filed in the appellate court.  Puga asserts that

8   the REAL ID Act unconstitutionally suspends the privilege of the writ of habeas corpus.  Puga

9   has not cited, and the Court has not discovered, any authority for the proposition that Congress is

10  prohibited from designating the appellate court as the sole judicial body able to review challenges

11  to final orders of removal.

12       Moreover, the United States Supreme Court has suggested that such exercise of

13  Congressional discretion is entirely appropriate.  In *INS v. St. Cyr*, 533 U.S. 289 (2001), the

14  Supreme Court found that the Antiterrorism and Effective Death Penalty Act of 1996

15  ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996

16  ("IIRIRA") did *not* suspend habeas jurisdiction under 28 U.S.C. § 2241, reasoning that the

17  AEDPA and the IIRIRA did not clearly provide an alternate judicial forum for aliens' claims and

18  did not clearly set forth Congress' intent to preclude habeas jurisdiction.  *St. Cyr*, 533 U.S. at

19  314.  However, the court stated that "Congress could, without raising any constitutional

20  questions, provide an adequate substitute [to habeas jurisdiction] through the courts of appeals,"

21  noting that "the substitution of a collateral remedy which is neither inadequate nor ineffective to

22  test the legality of a person's detention does not violate the Suspension Clause."  *Id*. at 314 n.38

23  (internal quotation marks and citation omitted).

24       The REAL ID Act clearly designates petition for review in the appellate courts as the sole

25  means for challenging a final order of removal, and Puga has not demonstrated that this remedy

26  is inadequate or ineffective.  Accordingly, the petition for writ of habeas corpus must be

27  DISMISSED for lack of subject matter jurisdiction and the motion for stay of removal must be

28  DENIED.

Case No. C 05-3607 JF
ORDER DISMISSING PETITION ETC.
(JFLC2)

1    IT IS SO ORDERED.

2

3

4    DATED:  9/29/05

5                                                                    /s/ electronic signature authorized

6                                                                    _____
                                                                     JEREMY FOGEL
7                                                                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1   Copies of Order served on:

2

3   James Todd Bennett      bennettjt13@hotmail.com,

4   Edward A. Olsen      edward.olsen@usdoj.gov,

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 05-3607 JF
ORDER DISMISSING PETITION ETC.
(JFLC2)